We have carefully considered the application for rehearing in this case and can find no reason to change our views and the conclusions reached in the opinion.
Counsel for defendants insists that the decedent Philogene Engeron was guilty of contributory negligence in having suddenly stepped from a place of safety into *Page 158 
the path of a motor vehicle approaching at a fast rate of speed. The facts and circumstances are fully recited in the opinion and it is needless to state them again. The situation was an unusual one, as was stated, and as we appreciated it, we were unable to find negligence on the part of the decedent which contributed to the accident.
Our attention is called to a misstatement in the opinion when, in referring to the minor Betty Joyce Engeron, it was said that she was living with her father at the time he was killed. The young lady's testimony did not reveal with whom she was living and it is only in the stipulation regarding the relation between the decedent and his wife that it appeared she was living with her mother. That, however, makes no difference in our appreciation of the devotion and affection which the young girl and her deceased father had for each other and in the assessment of the damages awarded for her benefit.
For the reasons stated, the application for rehearing is refused.